CLARENCE T. GARDNER *vs.* PROVIDENCE TELEPHONE CO.

PROVIDENCE—SEPTEMBER 20, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Telephones.  Extension Sets.*

Decision in *Gardner* v. *Providence Telephone Co.,* 23 R. I. 262, affirmed.

PER CURIAM.  The evidence shows, as stated by the complainant, that the defendant refuses to furnish a long-distance extension set in connection with a grounded telephone circuit.  The evidence does not convince a majority of the court that such a combination can be made generally without impairment of the service.  The uniform practice of the company is against this contention.  The company offers to annex to the complainant's grounded circuit, for a reasonable price, such an extension set as is appropriate for the circuit, and which it contends will give satisfactory service.  This is all that the complainant can demand.  He is in default in not requesting the company to provide what it says it is willing to give him, and in insisting on the exact form of apparatus which he has installed.

It is for the company, not for the subscriber, to determine the type of apparatus it shall use, and there is no evidence that the type it offers is inadequate.  These points were fully considered by the court upon the former hearing, as a careful examination of the opinion will show.

It may further be observed that in this case there is no evidence that the defendant's charge for a metallic circuit combined with a long-distance set is exorbitant.  The well-known superiority of a metallic circuit to a grounded one in all essential features, and the greater cost of construction, make it reasonable to charge more for the use of the metallic circuit than for the other.  The question of price is not strictly before the court, for the complainant does not desire this kind

of service, and the defendant will not tolerate the combination which the complainant has made at any price.

The motion for re-argument is denied.

. *Comstock & Gardner*, for complainant.

*Dexter B. Potter and David S. Baker*, for respondent.